IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONDA H.**[1], <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br> Defendant. | Case No. 6:18-cv-00709 <br><br> **OPINION AND ORDER** |

Sherwood J. Reese and Drew L. Johnson, DREW L. JOHNSON, P.C., Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Michael S. Howard, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Ronda H. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying Plaintiff's application for

supplemental security income ("SSI"). After Plaintiff filed her opening brief (ECF 15), the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Commissioner filed a response in which he conceded error by the Administrative Law Judge ("ALJ") and moved to remand the case for further administrative proceedings. ECF 19. Plaintiff replied, arguing that the case should instead be remanded for a finding of disability and the immediate payment of benefits. ECF 20. For the following reasons, the court remands for further administrative proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff protectively applied for both disability insurance benefits ("DIB") and SSI on May 31, 2013, alleging a disability onset date of December 31, 2010. AR 199, 200. Plaintiff was born on September 26, 1964; she was 46 on the alleged disability onset date and is now 55 years old. AR 199.

Plaintiff's date last insured is June 30, 2013; thus for purposes of her DIB application, Plaintiff must establish disability on or before that date. AR 200. For purposes of her SSI application, however, Plaintiff need not show disability on or before her date last insured. The Commissioner denied Plaintiff's application initially and upon reconsideration. AR 113, 121. Plaintiff then requested a hearing before an ALJ. AR 124. After a hearing, the ALJ ruled that Plaintiff is not disabled. AR 12-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

### B. The ALJ's Decision

The ALJ engaged in the appropriate sequential analysis in this case. First, he found that Plaintiff had not engaged in substantial gainful activity since December 31, 2010, the alleged disability onset date. AR 17. At step two, the ALJ found that Plaintiff suffered from polysubstance abuse in remission, major depressive disorder, and schizoaffective disorder, and found that these constituted severe impairments. *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in the regulations. AR 17-18. The ALJ next assessed Plaintiff's RFC. The ALJ found that Plaintiff retained the capacity to perform a full range of work at all exertional levels, but that she could not tolerate exposure to hazards, such as machinery and unprotected heights. AR 20. The ALJ

also found that due to pain, side effects of medications, and mental impairments, Plaintiff could understand, remember, and carry out only short and simple instructions; could only make simple work-related judgments and decisions; could have no more than occasional contact with the public; and could have no more than [in]frequent interactive contact with coworkers or supervisors. *Id.*

At step four, the ALJ determined that considering Plaintiff's RFC, she was able to perform past relevant work as a cleaner/housekeeper. AR 23. The ALJ also determined, based on the testimony of a vocational expert, that Plaintiff could perform jobs that existed in significant numbers in the national economy. AR 24.

The ALJ gave little weight to evidence dated after Plaintiff's date last insured, including Plaintiff's testimony, doctor's reports, and lay witness testimony, despite the fact Plaintiff had submitted a concurrent application for both DIB and SSI. Plaintiff last met the insured requirements for Title II benefits on June 30, 2013. AR 17, 22-23. However, insured status is not required for Title XVI benefits. The government concedes that the ALJ's decision to give little weight to evidence from after the date last insured was in error. The only remaining issue for the Court to decide is whether to remand this case for benefits or for further administrative proceedings.

## DISCUSSION

The Commissioner argues that further administrative proceedings are required to resolve several factual issues. These issues include whether good cause exists to reopen Plaintiff's earlier application for benefits, the appeal deadlines for which she missed; what date should be used as the onset of disability, if Plaintiff is indeed disabled; and of course, whether Plaintiff is disabled. Plaintiff disputes that there are significant factual conflicts in the record and argues that the case should be remanded for a finding of disability and the immediate payment of benefits.

PAGE 4 – OPINION AND ORDER

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively, and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The ALJ's decision identifies several facts and inconsistencies in the record that suggest Plaintiff may not in fact be disabled. While the ALJ states that "[t]he primary bar to finding of disability is that the claimant's date of last insurance coverage was June 30, 2013, and most of

her records are from treatments and examinations well after June 30, 2013," he also notes that Ronda H. homeschools her children, attends Bible study, plays online games, and is the sole caregiver for her sons. AR 20. These "high functioning activities of daily living suggest that [Plaintiff's] symptoms are not as limiting as [Plaintiff] sometimes claims they are." *Id.*

Though the ALJ made a legal error in giving little weight to evidence dated after the date last insured, his decision cited several facts in the record that undermined Plaintiff's disability claim. First, the ALJ noted "an improvement in [Plaintiff's] condition overall" in the March 20, 2013 mental status assessment. AR 21. The ALJ also points to Plaintiff's inconsistent use of medication to control her mental illnesses as a potential indication that "she did not actually find her symptoms as limiting as she states she did." *Id.*

The ALJ gave a legally correct rationale for giving little weight to the opinion of Dr. Jill Brenizer, Psy.D. Though the ALJ discounted Dr. Brenizer's opinion in part because it was dated after the date last insured (a legally incorrect basis), he also based his decision in part on the fact that Dr. Brenizer's opinion was contradicted by the doctor's contemporaneous examinations of Plaintiff, "the results of which were actually mostly normal." AR 22.

The ALJ also relied on the medical professionals' opinions in the Disability Determination Explanations ("DDEs") in finding that Plaintiff was not disabled. AR 22-23. The DDEs stated that Plaintiff could "complete basic tasks at a steady pace with no more than occasional coordination with others, no more than cursory interaction with the general public and coworkers, and [could] accept supervision 'delivered in a normative fashion.'" *Id.*

Though the ALJ erred in giving little weight to the evidence dated after the date last insured, he articulates additional factual conflicts in the record that may sustain a finding that Plaintiff is not disabled. It would thus be inappropriate to apply the "credit-as-true" rule to all the

evidence the ALJ incorrectly discounted. *See Dominguez*, 808 F.3d at 407. Further administrative proceedings where the ALJ gives appropriate weight to all of the evidence in the record would clarify the significance of these factual disputes. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). (holding that "the trier of fact and not the reviewing court must resolve conflicts in the evidence"). For that reason, remand for further proceedings is appropriate.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge